**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TERENCE FINNAN,**

|  |  |  |
|---|---|---|
| | **Plaintiff,** | **8:08-CV-259** |
| | | **(GLS/RFT)** |
| **v.** | | |

**KEVIN K. RYAN; MARSHA KAMERON**
**FINNAN; ARA ASADOURIAN; ANN**
**KENNEDY; ESSEX COUNTY; DARLA**
**BRECKENRIDGE; J. DOES; VITO**
**CARUSO,**

                              **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

**Terence Finnan**
*Pro Se*
114 Hurricane Road
PO Box 354
Keene, NY 12942

**FOR THE DEFENDANTS:**

**Ryan and Caruso**
HON. ANDREW M. CUOMO             CHARLES J. QUACKENBUSH
New York State Attorney          Assistant Attorney General
General
The Capitol
Albany, NY 12224

**Asadourian**
Roche, Corrigan Law Firm                    SCOTT W. BUSH, ESQ.
36 South Pearl Street
Albany, NY 12207

**Essex County**
Ryan, Smallacombe Law Firm                  CLAUDIA A. RYAN, ESQ
100 State Street                            JOHN F. MOORE, ESQ.
Suite 800
Albany, NY 12207

**Breckenridge**
Phelan, Phelan Law Firm                     TIMOTHY S. BRENNAN, ESQ.
302 Washington Avenue Extension
Albany, NY 12203

**Finnan**
*Pro Se*
33 Liberty Hill Lane
Lake Placid, NY 12946

**Kennedy**
*Pro Se*
P.O. Box 112
Elizabethtown, NY 12932

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Terrence Finnan ("Plaintiff"), proceeding *pro se*, filed this civil rights

action pursuant to 42 U.S.C. §§ 1981, 1983, 1985(2) & (3) and 1986,

arising out of perceived improprieties by the named defendants in various state judicial proceedings to which he was a party. (See Dkt. No. 1.) Plaintiff seeks compensatory and punitive damages - except as against defendants Justice Ryan and Judge Caruso (collectively "state judicial defendants") - and declaratory relief. Pending are the following five motions: (1) the state judicial defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (b)(6) (Dkt. No. 16.); (2) defendant Essex County's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Dkt. No. 8.); (3) defendants Finnan ("Ms. Finnan") and Kennedy's motions to dismiss for the reasons articulated by Essex County and the state judicial defendants (Dkt. Nos. 19 & 21.); and (4) defendant Breckenridge's motion to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to FED. R. CIV. P. 56, with a request for sanctions. (Dkt. No. 10.) For the reasons that follow, the motions are granted, except insofar as sanctions are sought, and the complaint dismissed in its entirety with prejudice.

## II. <u>Facts</u>[1]

_____

[1]Because of the extremely disjointed nature of Plaintiff's complaint, the court has necessarily relied in large part on exhibits attached to the state judicial defendants' motion to dismiss for lack of subject matter jurisdiction, Breckenridge's 7.1 statement and exhibits attached to her motion for summary judgment, documents referenced in the complaint and

## A.    Prior Proceedings

In October of 2003, Ms. Finnan filed for divorce from Plaintiff through her attorney, defendant Asadourian in New York State Supreme Court, Essex County.  (See Breckenridge SMF ¶1, Dkt. No. 10; App. A of Quackenbush Dec., Dkt. No. 16.)  On January 10, 2008, the action ("*Finnan I*"), which was presided over by Justice Ryan, proceeded to a verdict awarding Ms. Finnan a judgment of divorce and ancillary relief. (See App. A of Quackenbush Dec., Dkt. No. 16.)

During the course of *Finnan I*, Plaintiff apparently wrote to Judge Caruso, Chief Administrative Judge for the Fourth Judicial District, accusing Justice Ryan of various illegal and unethical conduct,[2] and seeking remedial action.  (See Compl. at 2-3, Dkt. No. 1.)  It would seem such action was not forthcoming, resulting in Judge Caruso's inclusion in this suit.

---

matters of which the court may take judicial notice in assessing the relevant facts.  However, to the extent defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court takes the allegations in the complaint as true.  Plaintiff has responded to all motions.

[2]Specifically, Plaintiff accuses Justice Ryan of, *inter alia*, ex parte communications, refusing to follow controlling law and precedents, knowingly accepting perjury, making decisions on pre-trial motions which were not appealable, refusing to allow Plaintiff to examine certain witnesses, allowing Asadourian to yell at Plaintiff and reversing the order of closing arguments.  (See Compl.; Dkt. No. 1.)

4

Additionally, at some point during *Finnan I*, Ms. Finnan disclosed her psychotherapist, Breckenridge, as a potential witness.  (See Breckenridge SMF ¶2, Dkt. No. 10.)  Plaintiff then filed suit against Ms. Finnan and Breckenridge in New York State Supreme Court, Essex County ("*Finnan II*") in or around February of 2006.  (See Brennan Ex. A, Dkt. No. 10.) Justice Ryan again presided over this action.  As the *Finnan II* complaint related to Breckenridge, it alleged that she was involved in a conspiracy with Ms. Finnan to induce Plaintiff to commit suicide and had convinced Ms. Finnan to assault Plaintiff.  *Id.*  It was further contended that Breckenridge had misrepresented herself as a licensed professional in *Finnan I*, and had advised and assisted Ms. Finnan in presenting perjury to the court.[3]  *Id.*  On August 22, 2006, Breckenridge was granted summary judgment dismissing all claims asserted against her in *Finnan II* on grounds that the claims were barred by the statute of limitations and failed to state a cause of action.  (See Brennan Ex. C, Dkt. No. 10.)

In late 2007, after Plaintiff's motion to renew and reargue *Finnan II* was denied (See Brennan Ex. D, Dkt. No. 10.), he filed an Article 78

---

[3]Plaintiff has also filed seemingly unjustified complaints against Breckenridge with the New York Department of Education pursuant to his contention that she is not properly licensed as a psychotherapist, and has served her with multiple frivolous subpoenas in various proceedings.  (See Brennan Ex. A-L, Dkt. No. 10.)

proceeding with the NYS Third Department ("*Finnan III*") against all

presently named defendants, with the exception of Essex County and

Kennedy.  Plaintiff again complained of Justice Ryan's allegedly improper

conduct in the prior proceedings and sought, *inter alia*, the removal of

Justice Ryan from the divorce action and any other litigation involving the

Plaintiff.  (See Brennan Ex. E., Dkt. No. 10.)  Additionally, an order was

sought which, in essence, would have compelled Judge Caruso to oversee

the proceedings.  (See App. B of Quackenbush Dec., Dkt. No. 16.)  The

Third Department dismissed *Finnan III* on April 11, 2008*,* due to Plaintiff's

failure to properly serve Justice Ryan and Judge Caruso, or to seek relief

against the other named defendants.  (See Brennan Schedule A, Dkt. No.

25.)

## B. <u>The Current Complaint</u>

Plaintiff's current complaint, filed in March of 2008, asserts claims

under 42 U.S.C. §§ 1981, 1983, 1985(2) & (3), and 1986.  It is essentially a

shuffled list of accusations devoid of any context.  Plaintiff again contends

that Justice Ryan engaged in improper conduct during *Finnan I* and *II*, and

that Judge Caruso failed to address such conduct when informed.  (See

Compl. at pgs. 2-5, Dkt. No. 1.)  However, Plaintiff does not seek damages

against the state judicial defendants.  Rather he seeks a declaration that they "failed to follow the laws and the Constitution and allowed the courts under their control to degenerate to Kangaroo Courts."  *Id.* at 8.  Plaintiff also seeks to have this court declare that Justice Ryan "lacks ethics and is unfit to serve as a judge," that the trial in *Finnan I* "was a farce and any verdict should be overturned," and that Justice Ryan "must recuse himself in all actions involving Terence Finnan."  *Id.*

As against the remaining defendants, Plaintiff generally alleges that they perjured themselves, or suborned perjury, in *Finnan I*.  *Id.* at 4-6. Plaintiff further asserts that Asadourian and Ms. Finnan committed various state crimes against him.  *Id.* at 5-6.  Asadourian is also accused of violating assorted disciplinary rules.  *Id.* at 4.  Finally, it is claimed that Breckenridge "falsely claimed the privileges of a licensed professional in NY, when she had no such license;" failed to testify truthfully and engaged in negligent conduct in *Finnan I*; deprived Plaintiff "of his right to full and complete discovery" in *Finnan II*; and that she "deprived [Plaintiff] of his right to name her as a party" in *Finnan II*.  *Id.*  Plaintiff seeks compensatory and punitive damages, as well as declaratory relief, against these defendants.  *Id.* at 7-8.

7

Presently, the court addresses the various defendants' motions seeking dismissal of Plaintiff's claims.[4]

### III.  Legal Standards

The standards for judgment pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 56 are well-established, and will not be repeated here.  For a full discussion of the standards, the court refers the parties to its previous opinions in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL 4238708, at *2 (N.D.N.Y. Sept. 8, 2008) (Rule 12(b)(6)); *Bain v. Town of Argyle,* 499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007) (Rule 56); and *Hunt v. United States*, No. 1:07-CV-0112, 2007 WL 2406912, at *1 (N.D.N.Y. Aug. 21, 2007) (Rule 12(b)(1)).

### IV.  Discussion

### A.    Jurisdiction - Rule 12(b)(1)

The state judicial defendants initially contend that Plaintiff's claims must be dismissed pursuant to three legal authorities: 1) the Rooker-Feldman Doctrine; 2) Younger abstention; and 3) the federal Anti-Injunction

---

[4]Asadourian has inexplicably failed to move to dismiss Plaintiff's claims along with the other defendants.  Nevertheless, the court *sua sponte* includes him in its discussion.  *See Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980) (stating that a court may *sua sponte* dismiss a complaint for failure to state a claim in appropriate circumstances).

Act, 28 U.S.C. § 2283.[5]  The court addresses each of these in turn.

## 1. Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine derives from the principle that "lower courts lack jurisdiction to engage in appellate review of state-court determinations."  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 21 (1987) (Brennan, J., concurring).  It essentially bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Within this Circuit, the *Rooker-Feldman* Doctrine bars a plaintiff's claims if four conditions are satisfied.  First, the plaintiff in the federal action must have lost in state court.  Second, the plaintiff must complain of injuries caused by the state-court judgment.  Third, the plaintiff must invite district court review and rejection of that judgment.  Fourth, the plaintiff must have

---

[5]Plaintiff contends that he did not receive the state judicial defendants' memorandum of law in support of their motion.  (See Pl. Resp. Mem.; Dkt. No. 22.)  Rather, he asserts that he received only a notice of motion with six attached cases.  *Id.*  However, the docket reflects that the memorandum was properly served upon the Plaintiff.  (See Decl. of Serv.; Dkt. No. 16.)  Further, Plaintiff has filed a brief responding to the relevant caselaw cited by the state judicial defendants.  (See Pl. Resp. Mem.; Dkt. No. 22.)  As such, the court finds no reason to delay disposition of the pending motions by ordering renewed service of the motion papers.

commenced the district court proceedings after the state court judgment was rendered.  *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84-85 (2d Cir. 2005).

Here, the first *Rooker-Feldman* condition is established because a verdict was issued in *Finnan I* on January 10, 2008, awarding Ms. Finnan a divorce against the Plaintiff.  As to the second condition of *Rooker*, Plaintiff ostensibly challenges the alleged misconduct of Justice Ryan during *Finnan I and II* and Judge Caruso's failure to supervise such proceedings. Thus, it could technically be said that Plaintiff is complaining of injuries inflicted during *Finnan I*, not as a result of the judgment.   However, in light of the declaratory relief sought from these defendants, it is readily apparent that the core injury Plaintiff complains of as to them is the actual entry of judgment in *Finnan I*.  *See Edem v. Spitzer*, No. 05-CV-3504 (RJD), 2005 WL 1971024, at \*1 (E.D.N.Y. Aug. 15, 2005) (rejecting attempt to bypass *Rooker-Feldman* by presenting claim as one for constitutional injury *during* state court proceedings, not as a result of them), *aff'd*, 204 Fed. Appx. 95 (2d Cir. Nov. 7, 2006).  *See also Chestnut v. Gabler*, No. 06-CV-534E(F), 2007 WL 529556, at \*3 (W.D.N.Y. Feb. 13, 2007); *Bernstein v. New York*, No. 06 Civ. 5681(SAS), 2007 WL 438169, at \*6 (S.D.N.Y. Feb. 9, 2007).

10

Thus, the second *Rooker* condition is also established.   As for the third condition, Plaintiff expressly requests that this court overturn *Finnan I*. Finally, the fourth condition of *Rooker-Feldman* is satisfied because this action was filed on March 7, 2008, after the completion of *Finnan I*. Accordingly, as Plaintiff's action against the state judicial defendants improperly seeks to have this court exert appellate jurisdiction over state court proceedings, the claims against them are dismissed.

Though *Rooker-Feldman* divests this court of jurisdiction over Plaintiff's claims against the state judicial defendants, it is less apparent whether it also bars the claims against the remaining defendants.  Again, Plaintiff asserts that these defendants, among other things, perjured themselves in the prior proceedings and suborned perjury.  Some courts within this Circuit have held that such allegations assert claims for fraud in the procurement of a judgment, which do not come within the second element of the *Rooker-Feldman* doctrine.  *See Marshall v. Grant*, 521 F. Supp. 2d 240, 244-45 (E.D.N.Y. 2007); *MacPherson v. State St. Bank & Trust Co.*, 452 F. Supp. 2d 133, 140 (E.D.N.Y. 2006); *Goddard v. Citibank, NA*, 2006 WL 842925, at *6 (E.D.N.Y. Mar. 27, 2006).  *See also Sturgis v. Hayes*, No. 07-2365, 2008 WL 2404755, at *5 (6th Cir. June 11, 2008).

11

The court also notes that *Rooker* deference to the judgment in *Finnan I* would not bar Plaintiff's claims that Asadourian and Ms. Finnan committed state law violations against him, or that Breckenridge engaged in misconduct in *Finnan II*. Additionally, Plaintiff seeks monetary damages and declaratory judgments against the remaining defendants which, for the most part, do not assail the underlying state court judgments. (See Compl. pgs. 7-8, Dkt. No.1.) Accordingly, the court declines to order dismissal against these defendants solely in reliance on *Rooker-Feldman*.

### 2. Younger Abstention

The court also finds that it is inappropriate to dismiss the remainder of the case pursuant to *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). "*Younger* generally prohibits courts from 'taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings' so as to avoid unnecessary friction." *See Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)). However, the state proceeding for which such deference is urged here, *Finnan III*, has been dismissed on procedural grounds by the Third Department. (See Brennan Schedule A, Dkt. No. 25.) Thus, *Younger*

abstention in deference to that action is inappropriate.[6]  *See Pathways, Inc. v. Dunne*, 329 F.3d 108, 114 (2d Cir. 2003) (finding *Younger* inapplicable where pending state action concludes during course of federal action).

### 3.  Anti-Injunction Act

The federal Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  22 U.S.C. § 2283.  "Proceedings in a State Court" is an extremely comprehensive phrase under the Act, which essentially encompasses any attempt to enjoin action by a state court or the enforcement of its decisions.  *See Dunne*, 329 F.3d at 113.  Thus, invocation of the Anti-Injunction Act here is effective to the extent Plaintiff is generally seeking to enjoin the enforcement of the judgment in *Finnan I*, as no exception to the Act's applicability is apparent.

Nevertheless, the Act's reach goes no further than the *Rooker-*

---

[6]Contemplating that *Finnan III* would likely be disposed of prior to a decision on this motion, it is also argued that the current action is essentially an appeal from *Finnan III* which is prohibited by the principles underlying *Rooker-Feldman.*  However, the Supreme Court has expressly rejected this view, stating that "[w]hen there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court."  *Exxon Mobil Corp.*, 544 U.S. at 292.  While comity or abstention doctrines may require dismissal of the federal action in deference to state proceedings, "neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court."  *Id.*

*Feldman* doctrine in barring Plaintiff's claims.  It does nothing to prevent Plaintiff's claim for monetary damages against the non-judicial defendants for alleged constitutional violations in the prior proceedings.  Nor does it prohibit declarations which would not compromise the integrity of the state judgments.  See 17A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & VIKRAM DAVID AMAR, FEDERAL PRACTICE AND PROCEDURE § 4222 (3d ed. 1998).  Accordingly, it is necessary to move beyond the jurisdictional arguments raised by the state judicial defendants to the substance of the remaining defendant's motions.

**B.   *Res Judicata* - Rule 56**

The court next addresses Breckenridge's contention that the claims asserted against her herein are *res judicata* in light of the decision in *Finnan II*, and must therefore be dismissed.

Federal courts "must give to a state-court judgment the same preclusive effect as would be given to that judgment under the law of the State in which the judgment was rendered. " *Migra v. Warran City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  Under New York's transactional approach to *res judicata* "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions

are barred, even if based upon different theories or if seeking a different remedy." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981).  *Res judicata* is properly applied where three elements are met: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  *Monahan v. New York City Dept. of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

Here the first two elements are clearly satisfied.  First, the court in *Finnan II* granted Breckenridge summary judgment, dismissing the claims against her on the merits.  Second, Plaintiff and Breckenridge were both parties to *Finnan II.*

Turning to the third element, Plaintiff presently asserts that Breckenridge "falsely claimed the privileges of a licensed professional" in *Finnan I*, refused to testify truthfully and was negligent in *Finnan I*, deprived Plaintiff "of his right to name her as a party" in *Finnan II* and improperly "demanded immunity from discovery" in that action.  However, Plaintiff's claims relating to Breckenridge's alleged misconduct in *Finnan I* were, or should have been, raised in *Finnan II,* and were rejected on the merits by

15

Justice Ryan in granting Breckenridge summary judgment.  (See Brennan

Ex. C, Dkt. No. 10.)  Similarly, contentions that Breckenridge committed

perjury and fraudulently denied Plaintiff discovery in *Finnan II* should have

been raised in that action by motion to vacate the judgment, instead of

through this proceeding.  *See Marshall*, 521 F. Supp. 2d at 246; N.Y.

C.P.L.R. 5015(a)(3) (McKinney 2008).  As such, Plaintiff's current claims

against Breckenridge are non-actionable under the doctrine of *res judicata*.

## C.  Sufficiency of Plaintiff's Claims - Rule 12(b)(6)

Finally, as the complaint relates to defendants Kennedy, Asadourian,

Essex County and Ms. Finnan, the court finds that it fails to state claims

upon which relief can be granted for the reasons explained below.

### 1. Sections 1981, 1985, & 1986

"A plaintiff states a viable cause of action under Section 1981 ... only

by alleging a deprivation of his rights on account of his race, ancestry, or

ethnic characteristics."  *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d

Cir. 1987); *see also Mione v. McGrath*, 435 F. Supp. 2d 266, 271 (S.D.N.Y.

2006).  Similarly, "[a] plaintiff states a viable cause of action under Section

1985[7] or 1986 only by alleging a deprivation of his rights on account of his membership in a particular class of individuals." *Zemsky*, 821 F.2d at 150; *see also Mione*, 435 F. Supp. 2d at 271.  "A class must possess the characteristics of a discreet and insular minority, such as race or gender." *Konigsberg v. Lefevre*, 267 F. Supp. 2d 255, 262 (N.D.N.Y. 2003).

Here, the complaint fails to allege that Plaintiff was deprived of protected rights as a result of any racial, ethnic, or class based animus on the part of the defendants.[8]  Nor does Finnan's responsive memoranda give any indication that an amended pleading would be able to remedy these defects.  Rather, in response to defendants' motions, Plaintiff contends only that he has not been treated appropriately as an "ordinary white citizen[]," and asserts his belief that the statutes he is suing under require no showing of discrimination.  (See Pl. Resp. Mem., Dkt. No. 23.)  Accordingly, given the insufficiency of Plaintiff's complaint and his apparent inability to remedy its defects, his claims for violations of 42 U.S.C. §§

---

[7]While the first clause of Section 1985(2) prohibits interference with federal court proceedings regardless of the existence of class based discrimination, Plaintiff makes no allegation that the defendants have conspired to interfere with any federal proceeding.  *See Zemsky*, 821 F.2d at 151 n.4.

[8]The only mention of race in the complaint is Plaintiff's cryptic contention that Justice Ryan failed to act on Plaintiff's claim that Ms. Finnan "criminally act[ed] based on the race of my mother in violation of NY Penal Law § 485.05."  This terse, factually unsupported allegation is clearly insufficient to establish a claim under the discrimination based statutes invoked.

1981, 1985 and 1986 are dismissed.

### 2. Section 1983

In order to state a claim under § 1983, a plaintiff must allege "(1) that the challenged conduct was attributable at least in part to a person acting under color of the state law, and (2) that such conduct deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." *Eagleston v. Guido,* 41 F.3d 865, 876 (2d Cir. 1994). Here, the court will initially address the second prong, as the Supreme Court has indicated that "[t]he first step in any [Section 1983] claim is to identify the specific constitutional [or federal statutory] right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266 (1994). This is because "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

In the present instance, the complaint fails to clearly identify any federal right infringed upon by the defendants which would give rise to Plaintiff's § 1983 action, nor is any such right implicated in the conduct of which Plaintiff complains. Plaintiff generally asserts at various points in his complaint that his rights to equal protection under law have been violated.

18

However, an equal protection claim requires a showing that the Plaintiff was treated differently than other similarly situated individuals, and that such treatment was, at the very least, motivated by an intent to injure the Plaintiff.  *See Hawkins v. County of Oneida*, 497 F. Supp. 2d 362, 376 (N.D.N.Y. 2007) (citing *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995)).   Here, Plaintiff has failed to identify any similarly situated person who was treated more favorably than he was.  In fact, the complaint and Plaintiff's responsive papers are devoid of any such allegations.  Thus, to the extent Plaintiff is asserting an equal protection claim, it is insufficient as a matter of law.

Additionally, to the extent Plaintiff is alleging that his rights to procedural due process were violated through various defendants' forgery, perjury or subornation of perjury, such assertions do not give rise to federal civil claims.  *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002). Furthermore, allegations that Asadourian violated assorted disciplinary rules in his representation of Ms. Finnan do not rise to the level of a civil rights violation.  *See Eckert v. Schroeder, Joseph & Associates*, 364 F. Supp. 2d 326, 328 (W.D.N.Y. 2005).  Finally, Plaintiff's claim that Asadourian and Ms. Finnan violated various state laws in their conduct

towards him is not cognizable under § 1983.  *See Young v. County of Fulton*, 160 F.3d 899, 902 (2d Cir. 1998) (violation of state law does not give rise to a § 1983 claim); *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("Clearly, a violation of state law is not cognizable under § 1983."). Thus, it is apparent that the factual predicates for Plaintiff's § 1983 claims fail to fall within the ambit of the statute, and such claims must be dismissed accordingly.[9]

## D.  Consequence of Plaintiff's Inadequate Complaint

Upon the dismissal of an inadequate complaint, it is often appropriate to grant a *pro se* litigant leave to file an amended complaint, in lieu of dismissing his entire action.  *See, e.g., Cooke v. Stern*, Nos. 9:07-CV-1292, 9:08-CV-0074, 2008 WL 238515 (N.D.N.Y. Jan. 28, 2008).  However, such a course is not called for in the present instance.  As the procedural history in this matter and the above discussion make clear, Plaintiff's claims lack

---

[9]In light of the Plaintiff's failure to base his § 1983 claims on actionable conduct, it is unnecessary for the court to address the remainder of defendants' arguments regarding such claims.  Nevertheless, the court notes that Plaintiff's § 1983 claims alternatively fail because they do not assert that defendants Asadourian, Kennedy or Ms. Finnan are state actors, or present more than conclusory allegations that such defendants conspired with state actors to deprive Plaintiff of federal rights.  *See Krug v. McNally*, 488 F. Supp. 2d 198, 199-201 (N.D.N.Y. 2007).  Further, as against Essex County, Plaintiff's § 1983 claims are fatally defective because they fail to allege that a municipal policy, custom or practice caused him to be denied a constitutional right.  *See Amnesty America v. Town of West Hartford,* 361 F.3d 113, 124-25 (2d Cir. 2004).  As with all of Plaintiff's claims, his responsive briefing gives no indication that he is able to remedy these defects.

"an arguable basis in law or fact" and are therefore frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Indeed, Plaintiff's responsive memoranda provide no indication that he is willing or able to rectify his complaint's defects through mere repleading. Rather, it would seem that Plaintiff is intent on incessantly hauling those who were involved in his divorce action into court for the sole purpose of harassing them, not to assuage any cognizable harm. Thus, as "it appears that granting leave to amend is unlikely to be productive," the court dismisses Plaintiff's complaint with prejudice. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

## E.   Sanctions

Lastly, the court addresses Breckenridge's request for sanctions in light of Plaintiff's persistent use of the legal system to harass her.

FED. R. CIV. P. 11 may be used to sanction a *pro se* litigant for engaging in vexatious litigation. However, in the present instance, the motion for such sanctions has not been properly presented to the court. Rule 11(c)(2) requires that a motion for sanctions be made separately from other motions and that it describe the specific conduct alleged to be sanctionable. Further, the motion must first be served upon the offending party, who is then given 21 days to remedy the sanctionable conduct

21

before the motion may be made to the court.

Here, Breckenridge has simply added her request for sanctions to her dispositive motion, and does not appear to have first given the Plaintiff an opportunity to correct or withdraw his frivolous arguments.  Thus the motion for a remedy in the nature of sanctions is denied.  Nevertheless, the court notes that if Plaintiff files another suit against Breckenridge arising out of the allegations rejected by this and previous courts, a properly made motion for sanctions would likely be granted and dismissal will again ensue.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's claims against Justice Ryan and Judge Caruso are dismissed under FED. R. CIV. P. 12(b)(1) pursuant to the *Rooker-Feldman* Doctrine; and it is further

**ORDERED** that Plaintiff's claims against Breckenridge are dismissed under FED. R. CIV. P. 56 pursuant to the doctrine of *res judicata*; and it is further

**ORDERED** that Plaintiff's remaining claims are dismissed under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be

granted; and it is further

**ORDERED** that Breckenridge's request for sanctions is denied; and it is further

**ORDERED** that the Clerk of the Court enter judgment against Plaintiff and close this case; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: November 6, 2008

Gary L. Sharpe
U.S. District Judge